1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAWRENCE J. SANDOVAL,

    *Petitioner*,

vs.

JACK PALMER, *et al.,*

    *Respondents*.

3:09-cv-00081-RCJ-VPC

ORDER

      This stayed habeas action under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#20) to reopen and second motion (#21) for appointment of counsel.

      The motion to reopen will be granted to the extent that the Court will lift the stay and administrative closure of the case and will direct a response from respondents.  Petitioner requests in the motion that the Court "grant all of his original writ . . . that he filed and that was stayed as exhausted." #20, at 3.  All unexhausted claims were dismissed pursuant to a stay that was entered under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), rather than under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).  *See King v. Ryan*, 564 F.3d 1133, 1138-39 (9th Cir.), *cert. denied*, 130 S.Ct. 214 (2009)(discussing the different stay procedures).  Only the claims that were exhausted prior to the stay are before the Court.

      The prior order stated:

        IT FURTHER IS ORDERED that, with any motion to reopen filed following completion of all state court proceedings pursued: . . . ; and (b) if petitioner intends to amend the petition,

1
2

        he shall file a motion for leave to amend along with the proposed amended petition or a motion for extension of time to move for leave to amend.

3 #19, at 3.

4       Petitioner did not file with the motion to reopen a motion for leave to amend along with

5 the proposed amended petition or a motion for extension of time to move for leave to amend.

6 At this juncture, any motion for leave to amend would have had to demonstrate that grant of

7 leave to amend would not have been futile in light of the federal one-year limitation period and

8 the procedural default doctrine.  Petitioner made no such motion, however.

9       The only claims that remain are the Court are the claims listed in the prior order that

10 were not dismissed prior to the stay.  See #19, at 2.

11       The second motion for appointment of counsel will be denied.  The Court remains of

12 the view that the interests of justice do not require the appointment of counsel.  See #17, at

13 11.

14       IT THEREFORE IS ORDERED that petitioner's motion (#20) to reopen is GRANTED

15 IN PART, to the extent that the Court lifts the stay and directs the Clerk of Court to REOPEN

16 this matter.

17       IT FURTHER IS ORDERED that petitioner's second motion (#21) for appointment of

18 counsel is DENIED.

19       IT FURTHER IS ORDERED that the Clerk of Court shall informally electronically serve

20 a copy of this order and the petition (#7) upon the Attorney General in the customary manner

21 by adding Catherine Cortez Masto as counsel of record for respondents.  The Clerk thereafter

22 shall serve a copy of any prior filings in the case requested by respondents' counsel by

23 regenerating a notice of electronic filing of same, so that counsel may review the file.

24       IT FURTHER IS ORDERED that, within sixty (60) days of entry of this order,

25 respondents shall file a response to **only** the following claims in the petition (#7):

26           (a)    **only** the challenge to the sufficiency of the

27                evidence in Ground 1, as all other claims therein

28                have been dismissed previously;

(b)   **only** the claims of prosecutorial misconduct in Ground 2 alleging that the prosecutor allegedly improperly commented that petitioner's two daughters were lying to protect their father and that the prosecutor allegedly improperly commented that the victim had testified truthfully, as all other claims therein have been dismissed previously;

(c)   **only** the substantive claim in Ground 7 that petitioner's confession was involuntary because he was under the influence of drugs and was sleep deprived, as all other claims therein have been dismissed previously.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that, with any motion to dismiss or answer filed, respondents shall file copies of the state court record materials that are relevant and material to the procedural defenses asserted therein and/or to consideration of the merits of the petitioner's claims as to which dismissal is sought on the merits, including, but not limited to, the items listed in Rule 5(d) of the Rules Governing Section 2254 Cases.

IT FURTHER IS ORDERED that any state court record exhibits filed by respondents herein shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  **The hard copy of the state court record exhibits shall be forwarded – for this case – to the staff attorneys in Las Vegas, to the attention of:  "P3."**

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to file a reply or opposition.  The deadline

1   established by this order shall override any shorter deadline in a minute order issued pursuant

2   to the *Klingele* decision.

3            DATED: This 5th day of July, 2011.

4

5

6                        _____

7                     ROBERT C. JONES
                  United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28